UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
N.W., an infant, by her mother and
natural guardian, Tunisia Giddings,

                Plaintiff,

   -against-

TARGET CORPORATION,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
22-CV-0048 (TAM)
(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

Tunisia Giddings, as mother and natural guardian of N.W., a minor child, initiated this action on November 24, 2021, against Defendant Target Corporation ("Target"), alleging damages from injuries N.W. sustained after a shelf holding dumbbell weights collapsed at a Target store on November 24, 2018. (*See* Compl., ECF No. 1-1, ¶¶ 6–9.) On January 4, 2022, Defendant removed the action to the United States District Court for the Eastern District of New York. (Not. of Removal, ECF No. 1.) The parties now seek approval of a settlement reached for the benefit of the minor Plaintiff. As discussed herein, the settlement is approved.

## PROCEDURAL HISTORY

After initiating suit and commencing discovery, the parties initially agreed to a settlement conference before the undersigned Magistrate Judge. (*See* Jan. 30, 2023 ECF Min. Entry & Order.) On March 6, 2023, however, the parties filed a letter requesting that the settlement conference be cancelled and that the parties be permitted to proceed to summary judgment. (Letter, ECF No. 16.) On March 7, 2023, the Court adjourned the settlement conference *sine die* and directed the parties to initiate any dispositive motions by April 20, 2023. (Mar. 7, 2023 ECF Order.) After Defendant filed a letter requesting a

pre-motion conference in anticipation of filing a summary judgment motion, the Hon. Eric R. Komitee ordered Defendant to show cause as to why the amount-in-controversy requirement of diversity jurisdiction is satisfied in this action, and ordered a briefing schedule for Defendant's motion for summary judgment. (Letter, ECF No. 17; July 31, 2023 ECF Min. Entry & Order.) On August 2, 2023, Defendant filed a letter addressing Judge Komitee's order to show cause as to the amount-in-controversy requirement. (Letter, ECF No. 19.) On October 10, 2023, the parties filed a fully briefed summary judgment motion. (Mot. for Summ. J., ECF No. 23; Mem. in Opp'n, ECF No. 24; Reply, ECF No. 25.)

On March 10, 2025, the parties informed the Court that they reached a settlement in principle. (Letter, ECF No. 26.) Judge Komitee directed the parties to submit their settlement paperwork by March 26, 2025, and denied Defendant's motion for summary judgment as moot, without prejudice to renew if the parties' settlement is not approved. (Mar. 11, 2025 ECF Order; Mar. 12, 2025 ECF Order.)

On March 25, 2025, the parties filed a motion for leave to file documents under seal, which contained a motion for approval of the settlement on behalf of the minor, N.W. (Mot. to Seal, ECF No. 27; Proposed Infant Compromise Order ("Proposed Order"), ECF No. 27-1.) On April 21, 2025, the Court directed the parties to file a revised Proposed Order, in light of the inconsistencies between the settlement sum and settlement breakdowns in the first Proposed Order, and additional documentation sufficient to fulfill the requirements of N.Y. C.P.L.R. § 1208(c). (Apr. 21, 2025 ECF Order.) Plaintiff filed a revised proposed order and a copy of Plaintiff's medical records on April 21, 2025. (Letter, ECF No. 29; Proposed Infant Compromise Order ("Revised Proposed Order"), ECF No. 29-1; Medical Records, ECF No. 29-2.)

On April 29, 2025, the case was reassigned to the undersigned Magistrate Judge, on consent. (*See* Apr. 29, 2025 ECF Order Reassigning Case.) The Court held a hearing on May 2, 2025, at which the minor was represented by counsel and her mother. (May 2, 2025 ECF Min. Entry & Order.)

For the reasons set forth below, the parties' proposed infant compromise order is approved, and the motion is granted.

## DISCUSSION

### I. Legal Standard

In this district, proposed infant compromise orders are subject to Local Civil Rule 83.2(a) and New York law. *See* E.D.N.Y. Local Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1205–1208; N.Y. Jud. Law § 474. "Accepting or rejecting an infant compromise lies within the discretion of the district court." *M.E. v. New York City Dep't of Educ.*, No. 15-CV-1651 (PK), 2016 WL 4575786, at *1 (E.D.N.Y. Sept. 1, 2016); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010). On a motion for infant compromise approval, the Court must determine whether a proposed settlement of an infant plaintiff's claims is "fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." *Rodney v. City of New York*, No. 13-CV-6179 (RRM) (VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015) (quotation marks omitted). Courts presume fairness and reasonableness where the settlement is the result of arm's length negotiation, counsel is experienced, and sufficient discovery has been conducted to "enable counsel to act intelligently." *Jurdine ex rel. Jurdine v. City of New York*, No. 07-CV-2915 (CBA) (JO), 2008 WL 974650, at *3 (E.D.N.Y. Apr. 8, 2008) (quotation marks omitted). Additionally, "[p]roposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should

3

therefore be afforded some level of deference." *C.A. ex rel. Arroyo v. City of New York*, No. 11-CV-3831 (LB), 2013 WL 764626, at *1 (E.D.N.Y. Feb. 28, 2013).

## II. Compliance with N.Y. C.P.L.R. § 1208 and Local Civil Rule 83.2(a)

New York law specifies the supporting papers that must be included in any infant compromise settlement. *See* N.Y. C.P.L.R. § 1208; *see also Fogle v. City of New York*, No. 16-CV-5870 (CLP), 2017 WL 10187672, at *2 (E.D.N.Y. Oct. 17, 2017). Local Civil Rule 83.2(a) notes that the compromise order should comply with New York law as much as possible, but that "the court, for cause shown, may dispense with any New York State requirement." E.D.N.Y. Local Civ. R. 83.2(a).

Here, Plaintiff has substantially met the requirements of N.Y. C.P.L.R. § 1208 by submitting an affidavit by N.W.'s mother, Tunisia Giddings, (Decl. of Tunisia Giddings ("Giddings Decl."), ECF No. 27-2), an attorney affidavit by Robert Tolchin (Decl. of Pl.'s Counsel ("Tolchin Decl."), ECF No. 27-4), and Plaintiff's medical records from New York Methodist Hospital (Medical Records, ECF No. 29-2). Together, these documents include the key information required by New York law and allow the Court to find good cause exists to dispense with any other specific requirements outlined in N.Y. C.P.L.R. § 1208(a). (*See* Giddings Decl., ECF No. 27-2; Tolchin Decl., ECF No. 27-5; Medical Records, ECF No. 29-2.) *See also* E.D.N.Y. Local Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1208(a), (b), and (c).

## III. Settlement Amount

The proposed agreement seeks to settle Plaintiff's claims for ▇▇▇▇▇, with attorneys' fees and costs totaling ▇▇▇▇▇, and a medical lien of ▇▇▇▇▇. (Revised Proposed Order, ECF No. 29-1.) The remaining ▇▇▇▇▇ is to be paid to Tunisia Giddings in an account designed for N.W. with an officer of Dime Community Bank. (*Id.*; Giddings Decl., ECF No. 27-2, ¶ 13.) Ms. Giddings attests that, aside from a medical

4

lien, she "ha[s] no knowledge of any outstanding liens against [her] daughter's share of the settlement," and that "[t]o [her] knowledge all medical bills have been paid." (Giddings Decl., ECF No. 27-2, ¶ 10.)

At the May 2, 2025 fairness hearing, Plaintiff's counsel represented that he believes the settlement is fair and reasonable. (*See* May 2, 2025 ECF Min. Entry & Order.) Ms. Giddings also believes the offer is "fair and reasonable." (Giddings Decl., ECF No. 27-2, ¶ 8; *see also* May 2, 2025 ECF Min. Entry & Order.) Plaintiff's counsel represents that he recommended settlement because N.W. has "made the fullest possible recovery from her injuries" and "Defendant was seriously contesting its liability and it was very possible that Defendant would prevail either on the pending summary judgment motion or at trial." (Tolchin Decl., ECF No. 27-4, ¶ 11.) N.W.'s mother agrees with the settlement. (*See* Giddings Decl., ECF No. 27-2, ¶ 8 ("My acceptance of this settlement is due to the difficulties of proving liability, which could lead to Plaintiff losing the summary judgment motion or the trial. I do not wish to gamble at trial and potentially lose the settlement that has been offered, which I regard as reasonable under the circumstances.").)

As a threshold matter, the Court finds that the settlement agreement is the product of arm's-length negotiation and has "procedural indicia of fairness and reasonableness." *Rodney*, 2015 WL 1014165, at *4. N.W. was represented by able and experienced counsel throughout this case, and the parties, including N.W.'s mother, engaged in substantial discovery, which allowed for informed, intelligent decisions as to settlement, in addition to summary judgment motion practice and extensive settlement discussions. (*See* Tolchin Decl., ECF No. 27-4, ¶ 9.)

Furthermore, as discussed at the May 2, 2025 hearing, the proposed infant compromise order advances N.W.'s best interests by ensuring that she is compensated

5

for the pain and suffering she experienced due to her injury, while allowing her to avoid the litigation risks that Defendant would not be held liable or that a jury verdict could be in an amount less than what she is to receive as a result of the settlement. Additionally, as confirmed during the hearing, the settlement funds will be held in an account that has the highest interest yield available for N.W.'s sole use and benefit, that will be fully insured at all times, and that no funds shall be withdrawn until N.W. reaches the age of eighteen years. (*See* May 2, 2025 ECF Min. Entry & Order.) Finally, N.W. has made a nearly complete recovery and "the injury is stable." (Giddings Decl., ECF No. 27-2 ¶ 5; *see also* Tolchin Decl., ECF No. 27-4, ¶ 5.)

In light of the settlement being the result of arm's-length negotiation by experienced counsel, the parties having conducted sufficient discovery, Plaintiff N.W.'s mother having participated in the negotiation of the settlement, and because N.W. has substantially recovered from the underlying injury, the Court finds the proposed settlement to be fair, reasonable, and in N.W.'s best interests.

### IV. Attorneys' Fees

"[B]oth the Local Civil Rules and New York State law grant broad authority to determine the reasonableness of attorney's fees." *Wagner & Wagner, LLP*, 596 F.3d 84 at 89–90 (citing Local Civil Rule 83.2(a)(2); N.Y. Jud. Law § 474). In general, courts reviewing infant compromises have "approved payments that are one-third contingency arrangements." *Rodney*, 2015 WL 1014165, at *6. In this case, pursuant to

Plaintiff's retainer agreement, Plaintiff's counsel seeks ▮▮▮▮ in costs,[1] and ▮▮▮▮ (33 and 1/3 % of the net settlement sum) in fees, totaling ▮▮▮▮. (Revised Proposed Order, ECF No. 29-1.)

Mr. Tolchin states that his firm provided extensive legal services throughout the course of litigation, including investigation, collection of hospital and medical records and reports, research, depositions, trial preparation, opposition of Defendant's summary judgment, settlement negotiations, and preparation of the infant compromise order. (Tolchin Decl., ECF No. 27-4, ¶ 9.) In this case, the Court finds that "the requested legal fees are commensurate with the work performed and in line with the level of compensation routinely approved by courts in this District." *Kahleem Smalls v. City of New York*, No. 15-CV-5672 (ST), 2016 WL 3620764, at *2 (E.D.N.Y. June 29, 2016); *see also Jurdine ex rel. Jurdine*, 2008 WL 974650, at *4 (approving of one-third attorneys' fee plus costs).

## CONCLUSION

For the foregoing reasons, the motion (ECF No. 27) is granted and the proposed infant compromise order (ECF No. 29-1) is approved. The settlement amount, lien amount, costs, and fees shall be redacted from the publicly-filed version of this Memorandum and the accompanying Order, which identifies the Infant Plaintiff and

---

[1] Plaintiff's counsel indicates that the ▮▮▮▮ is reimbursement for the following expenses: postage (▮▮▮); medical records (▮▮▮); the state court filing fee (▮▮▮); process servers (▮▮▮); court reporter expenses (▮▮▮); postage and an overnight courier to effectuate settlement (▮▮▮); copying costs (▮▮▮); and a file archive vendor fee (▮▮▮). (List of Expenses, ECF No. 27-8.)

contains confidential settlement details, shall be filed under seal. The parties are directed to file a stipulation of dismissal by **June 6, 2025**.

    **SO ORDERED.**

Dated: Brooklyn, New York
      May 2, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE